**Dated: March 19, 2024**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBTORS** | **CASE NO.** |
| **Lucas Spears** | **24-10242 JDL** |
| **Kaci Spears** | |

### ORDER CONFIRMING CHAPTER 13 PLAN

The plan or a summary of the plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing the plan should be confirmed; therefore, IT IS ORDERED:

1. The debtor(s) shall submit future funds to the control of the Trustee as follows:

   a. The debtor(s)' monthly plan payment is **$1,897.75 x 1, $2,111.00 x 59** and the plan is confirmed for a term of **60** months. The plan base is **$126,446.75**. The minimum applicable commitment period is **60** months. To the extent necessary to make the disbursements required under this Order, the plan term may be automatically extended to a term of up to 60 months.

   b. The plan payments may be made directly to the Trustee by the debtor(s), unless and until debtor(s) miss(es) a payment in which event, after notification to debtor(s), or attorney for debtor(s), the use of the Employer Wage Deduction provision of § 1325(c) is authorized.

   c. Unless this plan is confirmed with a provision guaranteeing a 100% dividend to unsecured creditors within the minimum applicable commitment period, the debtor(s) is/are to additionally surrender to the Trustee all tax refunds, bonuses, unused vacation pay, and any other irregular or incidental disposable income received during the term of the Plan. These amounts shall be applied to the existing base; however, to the extent applying these additional amounts to the existing base would reduce the plan length to less than the minimum applicable commitment period, the plan base shall be increased. Federal earned income credit portions of tax refunds shall be returned to the debtor(s) if a timely request for such relief is received prior to disbursement of the funds to creditors. The Trustee is authorized to submit ex parte orders to the Court directing turnover by third parties in possession of funds addressed by this paragraph.

**Case No.** 24-10242 JDL

   d.   The debtor(s) is/are to additionally surrender to the Trustee the nonexempt portion of the proceeds of any lawsuit, inheritance, or any other windfall in an amount in excess of $500. The plan base shall be increased by the amount received as a result of the lawsuit, inheritance, or other windfall.

2.   From funds received, the Trustee shall disburse as follows:

   a.   To the Trustee, administrative expenses to be paid in full pursuant to 11 U.S.C. § 1326(b)(2) and 28 U.S.C. § 586(e).

   b.   To the Debtor(s)' attorney, the sum of $**2,500.00** to be paid at $**400.00** per month.

   c.   To secured creditors where collateral is retained, deferred payments as follows:

      i.   To the holders of "long term" debts (loan term extends beyond the length of the plan) provided for under 11 U.S.C. § 1322(b)(5):

| Cl # | Creditor | Monthly Ongoing Payment | Cl # | Amount of Arrears | Est* | Interest on Arrears | Monthly pmt. on arrears |
|------|----------|------------------------|------|-------------------|------|---------------------|-------------------------|
| | Intentionally left blank. | $0.00 | | $0.00 | ☐ | 0.0% | $0.00 |

*The arrearage amount(s) is/are estimated and will be paid according to the amount stated on the claim unless objected to and limited by separate Court order. The interest rate to be paid on the arrearage is the amount reflected above.

> **NOTE: Any mortgage creditor being paid through the plan as the holder of a long-term debt must promptly notify the Trustee, Debtor(s), and Debtor(s)' attorney in writing of any change in the ongoing monthly mortgage payment. Additionally, the mortgage creditor must amend the arrearage portion of their claim to include any post-petition charges that are not included as part of the ongoing monthly mortgage payment. Such amendments should be filed at the time the post-petition charges are incurred. Failure to comply with any portion of this provision may result in the entry of an order deeming the mortgage current as of the date of the final ongoing monthly mortgage payment by the Trustee.**

      ii.   To secured creditors with a purchase money security interest securing a debt either incurred within the 910-day period preceding the filing of the bankruptcy petition where the collateral is a motor vehicle acquired for personal use or incurred within the 1-year period preceding the bankruptcy petition where the collateral is any other thing of value, the amount to be paid as referenced below, with interest in the amount stated below. To the extent the amount referenced to be paid exceeds the secured claim, only the claim amount, with interest as referenced below, shall be paid. Each secured creditor shall retain its lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or entry of an order granting discharge.

| Cl # | Creditor | Collateral | Amt to be paid | Int. | Monthly Pmt. |
|------|----------|------------|----------------|------|--------------|
| 2 | **American Honda Finance** | **2019 Honda Accord (Fully Secured)** | **$26,723.84** | **6.99%** | **$544.66** |
| 6 | **USAA Federal Savings Bank** | **2010 Toyota Tacoma (Fully Secured)** | **$14,558.28** | **8.5%** | **$18,499.20** |

Case No. 24-10242 JDL

   iii. To all other secured creditors, other than secured tax creditors, the value as referenced below if secured by personal property, or the value set by separate Court order if secured by real property, with interest in the amount stated below. To the extent the stated value exceeds the secured claim, only the claim amount, with interest as referenced below, shall be paid. Each secured creditor shall retain its lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or entry of an order granting discharge.

| Cl # | Creditor | Collateral | Value | Int. | Monthly Pmt. |
|---|---|---|---|---|---|
| | Intentionally left blank. | | $0.00 | 0.0% | $0.00 |

   iv. To secured holders of tax claims, payment in full of the claim as filed unless objected to.

d. To secured creditors where collateral is surrendered and adequate protection is owed pursuant to the Guidelines of the Court, payment as follows:

| Cl # | Creditor | Collateral | Amt to be Paid |
|---|---|---|---|
| | Intentionally left blank. | | $0.00 |

e. To creditors entitled to priority status pursuant to 11 U.S.C. § 507, deferred payments as listed below:

   i. To the holders of pre-petition and/or post-petition priority tax claims, full payment pursuant to the filed claim unless limited by separate Court order.

   ii. To the holders of pre-petition priority claims for domestic support obligations, full payment pursuant to the filed claim unless limited below or by separate Court order.

   iii. To all other holders of priority claims listed below, full payment as follows:

Intentionally left blank.

f. To nonpriority unsecured creditors, as follows:

   i. To special nonpriority unsecured creditors, full payment as follows:

| Cl # | Creditor | Amount to be Paid | Monthly Pmt. | Int. |
|---|---|---|---|---|
| | Intentionally left blank. | $0.00 | $0.00 | 0.0% |

   ii. ☐ This plan is confirmed as a 100% plan guaranteeing a 100% dividend to all unsecured nonpriority claimholders.

      ☒ This plan is confirmed in accordance with the means test and must pay a total of $**76,529.40** to the class of unsecured nonpriority claimholders.

      ☐ This plan is confirmed as a percentage plan guaranteeing a N/A% dividend to the class of unsecured nonpriority claimholders.

      ☐ This plan is confirmed with a guaranteed dividend to unsecured nonpriority claim holders of $N/A.

Liquidation Value: N/A

Good Faith: N/A

3. Other provisions of the plan, including payments to be made directly by debtor(s), collateral to be surrendered, and other conditions:

| |
|---|
| **1 – Ally Financial – 2016 Kia Forte – Direct Pay** |
| **3 – American Honda Finance – 2023 Honda CB650R MC – Surrender with Deficiency** |
| **4 – Freedomroad Financial – 2020 KTM 390 Adventure MC – Surrender with Deficiency** |
| **5 – Planet Home Lending – Mtg/3240 Fairway Dr – Direct Pay** |
| **US Dept of Education/Nelnet – Student Loans – Direct Pay** |
| **MOHELA/Dept of Education – Student Loans – Direct Pay** |

4. If there is a surrender of property securing a claim referenced in paragraph 3 above, this Order operates to terminate the automatic stay of 11 U.S.C. § 362(a) and to abandon the surrendered property to permit recovery and disposition of the property. Adequate protection shall be paid only as reflected in paragraph 2.d. above.

5. Student loans are not dischargeable unless determined in an adversary proceeding to constitute an undue hardship under 11 U.S.C. § 523(a)(8).

6. The plan rejects all executory contracts and unexpired leases, except such executory contracts and unexpired leases assumed as follows:

Intentionally left blank.

7. The debtor(s)' requested exemption in <u>N/A</u> is:

☐ Allowed     ☐ Disallowed     ☐ Other: _____

8. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.

9. The Trustee will make no disbursements to any creditor until the creditor has filed a proper proof of claim and provided a file-stamped copy of the claim to the Trustee. In the case of a secured claim, the creditor must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.

10. If not confirmed as a 100% plan, the debtors must pay the greater of the base amount or the amount to be paid to the class of unsecured nonpriority claimholders as reflected above.

11. All property shall remain property of the estate and shall vest in the debtor(s) only upon dismissal, discharge, conversion, or other specific order of the Court. The debtor(s) shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the Trustee.

12. The debtor(s) is/are prohibited from incurring any debts except such debts approved pursuant to the Court's directives or as necessary for medical or hospital care.

13. If the Trustee identifies this case as a business case, the debtor(s) will provide the Trustee with such monthly reports as he requests on forms provided by the Trustee.

14. The debtor(s) is/are not current on required plan payments at the time of confirmation. If the debtor(s) is/are not fully current by <u>N/A</u>, the Trustee may submit an ex parte Order of Dismissal to the Court,

Case No. 24-10242 JDL

and the case will be dismissed without prior notice to the debtor(s). In order to be fully current on the required date, the debtor(s) must have paid a total of $N/A by that date.

###

APPROVED:

s/John Hardeman                              s/Alexander Hilton III
Chapter 13 Trustee                           Alexander Hilton III, Debtor(s)' Attorney